IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENRIQUE QUIJADA                         )
                                        )        Civil Action No. 23-166J
         Petitioner,                    )
                                        )        District Judge Stephanie L. Haines
              v.                        )        Magistrate Judge Maureen P. Kelly
                                        )
MICHAEL UNDERWOOD, *Warden*,            )        Re: ECF No. 11
                                        )
         Respondent.                    )

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Petitioner's self-styled "Petitioner [*sic*] under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody," (the "Petition"), ECF No. 11, be dismissed as moot.

### II. REPORT

Petitioner Enrique Quijada ("Petitioner") was, at the time of filing, a federal prisoner incarcerated at the Federal Correctional Institution at Loretto ("FCI-Loretto") in Cresson, Pennsylvania. By way of the Petition, Petitioner attacks the Bureau of Prisons' ("BOP") calculation and application of Earned Time Credits ("ETCs") under the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5208 (2018), to Petitioner's sentence. ECF No. 9 at 1-2.

This case has evolved significantly since it began. At the time of filing, Petitioner asserted – and provided supporting documentation – that he was denied ETCs at least in part because of an immigration detainer. ECF No. 9-3 at 2-3; ECF No. 9-4 at 10. A Service Order was issued on September 11, 2023, in which Respondent was directed to "provide briefing on whether and how Petitioner's immigration status and proceedings (or lack thereof) affect the

1

accrual and application of Earned Time Credits under the statutory language of the First Step Act." ECF No. 11 at 1.

Rather than file an answer, Respondent submitted a "Notice of Suggestion of Mootness." ECF No. 16. Petitioner responded that his Petition was not moot, ECF No. 20, and the subsequent briefing, ECF Nos. 22 and 24, strayed from Respondent's initial assertion that this case was moot. Accordingly, Respondent was ordered to file an all-inclusive answer consistent with the Service Order. ECF No. 25. Respondent answered the Petition on March 12, 2024. ECF No. 26. Petitioner's traverse initially was due on April 12, 2024, ECF No. 27, but none was filed by that date.

On April 10, 2024, Petitioner submitted a self-styled "Supplement to the Petitioner's Motion for Relief Pursuant to 28 U.S.C. 2241," (the "Supplement"). ECF No. 29. The Supplement was not responsive to the Answer. Instead, it indicated that Petitioner was served a so-called "Final Administrative Removal Order" on April 5, 2024.[1] Id. at 1; ECF No. 29-1 at 1. In the Supplement, Petitioner asked this Court to order the BOP and ICE "to hold him in FCI Loretto, in general population," until this Court has ruled on his underlying habeas petition – which seeks the application of ETCs. Accordingly, the Supplement was construed as a motion for preliminary injunction. The undersigned issued a Report and Recommendation on April 16, 2024, recommending that the requested injunction be denied. ECF No. 30.

While the Report and Recommendation was pending, Respondent was directed to file supplemental briefing as the effect of the Final Administrative Removal Order on the Petition. ECF No. 31. Respondent did so on April 26, 2024, opining that it provided an additional basis to

---

[1] See Immigration and Nationality Act ("INA") § 238, 8 U.S.C. § 1228. See also 8 C.F.R. § 238.1.

deny federal habeas relief.  ECF No. 32.  Petitioner was given a period of time in which to file a comprehensive traverse, ECF No. 33, which he did on May 6, 2024.  ECF No. 34.  In his Traverse, Petitioner attacked the validity of the Final Administrative Removal Order because it was not issued by an immigration judge.  Id. at 2.  But see 8 U.S.C. § 1228(b)(1) and (4) (allowing expedited removal of certain criminal aliens without a hearing before an immigration judge).  See also 8 C.F.R. § 238.1.

On January 3, 2025, District Judge Stephanie L. Haines issued a Memorandum Order adopting the Report and Recommendation.  ECF No. 35.  Judge Haines had mailed to Memorandum Order to Petitioner's address of record at FCI-Loretto on the same date.  However, on January 31, 2025, the Memorandum Order was returned to the Court as undeliverable.  ECF No. 36.  The envelope was marked "RETURN TO SENDER" and "Not at FCI Loretto."  Id. at 1.  A review of the Bureau of Prisons' online inmate locator indicates that Petitioner was released from    BOP    custody    on    January    2,    2025.    See https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited July 10, 2025).  Petitioner has not provided an updated address to the court.

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Congregation Kol Ami v. Abington Township, 309 F.3d 120, 131 (3d Cir. 2002).  In other words, "[w]hen it is no longer possible for this court to grant the relief requested, a case is moot and this court lacks jurisdiction to hear it."  Medicine v. McCulloch, 544 F. App'x 699, 699 (9th Cir. 2013).

It appears from the public record that Petitioner no longer is in the custody of the BOP, and that this Court no longer may provide him with the ETCs that he seeks.  Buck v. Pugh, CIV.A. 12-1669, 2013 WL 3972654, at *2 (W.D. Pa. July 30, 2013) ("because Petitioner has

been released from the custody of the Bureau of Prisons ('BOP') and because we do not presume collateral consequences, and because Petitioner has not carried his burden to avoid a finding of mootness by him showing a continuing injury, which is attributable to the loss of GCT credits, the Petition should be dismissed as moot."). Accordingly, it is respectfully recommended that this case be dismissed as moot.

A certificate of appealability is not required for federal prisoners seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). Therefore, it is not necessary to determine whether one should be issued here.

**III CONCLUSION.**

For the foregoing reasons, it is respectfully recommended that the Petition, ECF No. 11, be dismissed as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: July //    , 2025

RESPECTFULLY SUBMITTED,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     Hon. Stephanie L. Haines
        United States District Judge


        Enrique Quijada
        10624-509
        Loretto
        Federal Correctional Institution
        Inmate Mail/Parcels
        P.O. Box 1000
        Cresson, PA 16630


        All counsel of record (*via* CM/ECF).